UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NAQEEB AHMED and
PARK DELI & GRILL INC.,

         Plaintiffs,    COMPLAINT

                  Case No.: 1:21-cv-
   -against-

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

         Defendants.
-----------------------------------------------------------------x

  The Plaintiffs, NAQEEB AHMED and PARK DELI & GRILL INC., by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

  1. Jurisdiction over this cause of action is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service (7 CFR § 279.7).

  2. The Plaintiff, NAQEEB AHMED, is a resident of the County of Kings, City and State of New York and submits his Declaration of Plaintiff attached hereto.

  3. The Plaintiff, PARK DELI & GRILL INC. is a corporation duly organized in the State of New York, with its principal place of business located at No. 155 Park Avenue, Brooklyn, New York, 11205 wherein it owns and operates a retail grocery/convenience store.

  4. The Plaintiff, NAQEEB AHMED, is the sole proprietor of the Plaintiff, PARK DELI & GRILL INC. in which he has invested his life saving to renovate this store premises with the

installation of new furnishings, fixtures and equipment necessary for the operation of a retail grocery/convenience store.

5. After establishing this business, under the name of PARK DELI & GRILL INC. on or about October 24, 2017 the Plaintiffs submitted an application, in October, 2017, to the United States Department of Agriculture, Food and Nutrition Service for authorization to participate as a retail owner in the Food Stamp Program/Supplemental Nutrition Assistance Program. The Plaintiff's application was approved by the Defendants in December, 2017. Prior to the incidents that gave rise to this proceeding, the Plaintiffs' performance and record in the Food Stamp Program, Supplemental Nutrition Assistance Program has been exemplary and unblemished.

6. By letter of charges, dated December 19, 2018 the Defendants informed the Plaintiffs that they were charged with violating Section 278.2(a) of Supplemental Nutrition Assistance Program (SNAP) regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits in exchange for merchandise, which, in addition to eligible foods, include common non-food items on three (3) separate occasions, annexed hereto as Exhibit "A".

7. The Defendant's attached a Report of Positive Investigation with Investigative Transaction Reports to said letter indicating that on those three (3) occasions, November 14, 2018, November 17, 2018 and November 19, 2018 ineligible items had been sold, and as a result, the Plaintiffs' business was being considered for disqualification from the Supplemental Nutrition Assistance Program for a period of six (6) months, or the imposition of a civil money penalty, if applicable, in lieu of the disqualification, said Investigative Transaction Reports are annexed hereto as Exhibit "B".

8. In response to the Defendant's letter of charges, Plaintiff, through his attorney,

submitted a timely response by letter dated December 21, 2018, refuting the allegations of violations of the SNAP, requesting information pursuant to a FOIA demand contained therein, stating that the store would suffer economically if disqualified for six (6) months and requesting the imposition of a Civil Money Penalty (CMP) in lieu of the six (6) month SNAP disqualification, copy of said letter is annexed hereto as Exhibit "C".

9. By letter dated July 12, 2021, Fredrick Conn, the Section Chief, Retailer Operations Division of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program, issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of the violations set forth in the letter of charges and Transaction Reports and denied Plaintiff's request for the imposition of a civil money penalty in lieu of the disqualification, copy of said letter is annexed hereto as Exhibit "D".

10. By letter dated July 15, 2021, Plaintiffs through their attorney, requested an Administrative Review of the Retailer Operations Division's determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months and again requested the imposition of a civil money penalty in lieu of the disqualification, copy of said letter is annexed hereto as Exhibit "E".

11. The Defendants have now rendered a decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of alleged sales of ineligible items in exchange for Electronic Benefit Transfer Food Benefits as contained in a Final Agency Decision letter dated and delivered on December 14, 2021, wherein they refused to impose civil money penalty (CMP) in lieu of the disqualification, a copy of which is annexed to the Complaint in

this action as Exhibit "F".

12. That subsequent to each letter or decision a response or request for review was timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to disqualify the Plaintiffs from participating in the Supplemental Assistance Program for a period of six (6) months.

13. Such determination has been made without the Plaintiffs having been afforded the opportunity to confront and examine witnesses, review unredacted information in the Defendant's reports and the investigations and documents concerning same, and any documents pursuant to Plaintiffs' demand for same under a Freedom Of Information Act request, so they would be furnished all discovery material that form the basis of the charges lodged against said Plaintiffs so they may adequately defend themselves and be given due process.

14. This is a suit for judicial review of the determination and decision of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in accordance with the provisions of Title 7 United States Code §2023 and CFR §279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program.

15. The Plaintiffs have at all times and continue to deny the allegations contained in the letter of charges categorically denying each and every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs disqualification as participants in the Supplemental Nutrition Assistance Program for a period of six (6) months as described in the letter of charges and Transaction Reports.

16. The Defendants' decision to disqualify the Plaintiffs from participation in the

Supplemental Nutrition Assistance Program is arbitrary and capricious and without merit for the following reasons:

(a) The failure of the Defendant's Investigators to obtain a positive identification during the three (3) instances wherein clerk(s) at this owner's store are alleged to have sold the ineligible items and where the Plaintiff denies that such a person as identified in the Transaction Reports annexed hereto as Exhibits "A", "B" and "D", worked in the store on the dates and times in question.

(b) The fact that all of the so-called ineligible items allegedly sold were inexpensive regular household items, based on and contained in the notations in the Investigative Transaction Report, annexed hereto as Exhibits "A", "B" and "D"

(c) The failure to provide the time spent in the store on each investigative visit, namely the time of entry and departure, deprives the Plaintiffs of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

(d) The Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly the Defendants' Investigators who investigated this business and charged Plaintiffs with the violations of the Supplemental Nutrition Assistance Program Regulations.

(e) The failure to provide timely notice of evidence of violations where the complained acts occurred more than two (2) months prior to the letter of charges being delivered to Plaintiffs.

17. In addition, The Defendants have failed to consider the following factors and evidence in their decision:

(a) The Plaintiff's unblemished record as an owner participating in the Supplemental Nutrition Assistance Program since 2017.

(b) The sanction of disqualification from participation in the Supplemental Nutrition

Assistance Program for six (6) months is excessive under the circumstances herein, if, in fact, the charges lodged against the Plaintiffs are sustained.

(c) That according to Defendant's own records, common ineligible non-food items were sold only three (3) times over a six (6) day period and were of negligible value and negligible profit.

18. It is submitted that the redactions in the Transaction Reports and Defendant's failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period of the time the investigator spent in the store, and the true identification of the clerk since the store records would reveal who was working at the time each investigation was conducted.

19. Additionally, it is also submitted that the charge of selling common ineligible non-food items as alleged in the Investigation Transaction Reports are incredible and untrustworthy.

20. It should be noted that the Defendant employed one (1) FNS "Investigator" to entrap the employees of this firm into selling various common ineligible non-food items on November 18, 2018 wherein the clerk refused to sell the Investigator any common ineligible items.

21. It should also be noted that the Defendant used the FNS "Investigator" to try to entrap the employees of this firm into "trafficking" to wit, exchanging Food Stamps for cash on November 19, 2018 as noted in Exhibit "D". On that occasion the clerk refused to violate the SNAP regulations to benefit the undercover FNS Investigator by exchanging Food Stamp benefits for cash with the Investigator.

22. Where the nature and total cost of the alleged common ineligible non-food items purchased are as follows:

(1) On November 14, 2018, one (1) 10 Ounce Bottle of "Tide" simply Clean & Fresh Laundry Soap @ $ 1.99 and one (1) 12.6 Ounce Bottle of "Dawn" Simply Clean Dish

6

Soap, @ $ 1.25, as noted in Exhibit "A".

(2) On November 17, 2018, a 12 Ounce Bottle of "Ultra Ajax" Dish Soap @ $ 1.69, one (1) 10 Ounce Bottle of "Tide" Original Laundry Soap @ $ 4.99 and one (1) 10 Ounce Bottle of "Ultra Downy" April Fresh Fabric Softener, @ $ 1.99, as set forth in Exhibit "B".

(3) On November 19, 2018, one (1) 4 Package of "Charmin Ultra" Soft 2-Ply Toilet Paper, @ $ 4.99, one (1) 110 Count Roll of "Bounty" Advanced Select-A-Size 2-Ply Papers Towels, no price indicated and one (1) 4 Count Box of "Brillo" Scrubber Pads, @ $ 1.49, as noted in Exhibit "D".

These items and are of such an insignificant amounts, to wit $ 18.00, and where on some items no prices are even indicated, so that it is unknown as to whether these items were actually sold or given away, the penalty is excessive.

23. Furthermore, it is inconceivable and unreasonable to believe that this owner would jeopardize a solvent and successful business and the source of his livelihood for the meager sum earned by the sale of these ineligible items.

24. It is further alleged that the Defendant targeted this particular firm with no history of SNAP violations and attempted to entrap these particular clerks with limited knowledge of English, who had initially refused to engage in requested violations is patently unethical and prejudicial.

25. That to disqualify this owner for a six (6) month period, merely due to alleged "carelessness and poor supervision", if it even occurred, will result in irreparable injury and damage to this Plaintiffs if this disqualification is imposed.

26. The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition

Assistance Program is arbitrary and capricious and is in violation of the Defendants' own Regulations.

27. The Plaintiffs have exhausted all administrative remedies herein.

WHEREFORE, the Plaintiffs' respectfully requests this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to disqualify this Plaintiff from the Supplemental Nutrition Assistance Program for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated: New York, New York
       January 1, 2022

JESS M. BERKOWITZ (JMB3316)
Attorney for Plaintiffs
Office & P.O. Address
401 Broadway, Room 806
New York, New York 10013
(917) 733-7701